274 So.2d 522 (1973)
FLORIDA JAI ALAI, INC., Appellant,
v.
LAKE HOWELL WATER & RECLAMATION DISTRICT, a Political Subdivision of the State of Florida, Appellee.
FLORIDA STANDARD LAND DEVELOPMENT CORP., Appellant,
v.
LAKE HOWELL WATER & RECLAMATION DISTRICT, a Political Subdivision of the State of Florida, Appellee.
Nos. 41512, 41520.
Supreme Court of Florida.
February 28, 1973.
Rehearing Denied April 4, 1973.
Joseph M. Murasko, Fern Park, for Florida Jai Alai, Inc.; Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for Florida Standard Land Development Corp., appellants.
Lawrence E. Dolan, of Pierce, Lewis & Dolan, Orlando, for appellee.
*523 ADKINS, Justice.
This cause is before us on appeal from the Circuit Court of Seminole County. The order of that court rendered August 17, 1971, upheld its order of May 27, 1969, and passed directly upon the validity of Fla. Stat. § 298.07, F.S.A., declaring it to be constitutional. We have jurisdiction pursuant to Fla. Const., art. V, § 4, F.S.A.
Appellants are landowners whose lands were incorporated into the already existent Lake Howell Water & Reclamation District, pusuant to a petition by the District to incorporate certain lands into the District, which was approved by the May 27, 1969, order of the Circuit Court. The authority for such expansion of drainage districts is found in Fla. Stat. § 298.07, F.S.A., which provides for changing boundary lines of a district upon the petition of the Board of Supervisors of the district, the Department of Natural Resources, or the owners of land adjacent to such district. The statute is similar to Fla. Stat. § 298.01, F.S.A., which regulates the formation of a district, except in the manner of notice required. Fla. Stat. § 298.02, F.S.A., provides the form of notice required for an application to form a drainage district. This form requires that the property to be affected be described as set out in the petition. Fla. Stat. § 298.07(2), F.S.A., provides a separate form for giving notice of a request to amend an existing district:
"Notice of Drainage Hearing
"To the owners and all persons interested in the lands corporate, and other property in and adjacent to _____ drainage district:
"You, and each of you, are hereby notified that _____ (here state by whom petition was filed), has filed in the office of the circuit court of _____ county, Florida, a petition praying said court for permission to _____ (here insert the prayer of said petition), and unless you show cause to the contrary on or before the return date of the circuit court of said county, after the publication of this notice as required by law, the prayer of said petition may be granted."
As applied in the case sub judice, the only information conveyed by the notice was that the Lake Howell Water & Reclamation District prayed to "amend the boundary lines of said District, to amend `The Plan of Reclamation' of said District and to appoint three Commissioners," in spite of the fact that the petition of the District included legal descriptions of all seventeen parcels of land to be incorporated and listed the twelve apparent owners of the parcels. Had the seventeen parcels been included in the formation of a new district, legal descriptions of the affected lands would have been required; under the application of Fla. Stat. § 298.07, F.S.A., the practical effect was that no real notice was given of the intention to incorporate appellant's lands.
The landowners urge that the notice provision of Fla. Stat. § 298.07, F.S.A., violates the guarantee of protection of basic rights under Fla. Const., art. I, § 2, F.S.A., and the guarantee of due process under Fla. Const. art. V, § 9, F.S.A., as the statute, on its face and as applied in the case sub judice, does not require that effective notice be given to landowners who will be affected by expansion of drainage district.
In addition, the landowners contend that the statute under challenge was not properly applied by the circuit court; that the statute must be read in pari materia with Fla. Stat. § 298.02, F.S.A., to give effect to the proper legislative intent; that the entire drainage statute is an improper delegation of legislative power to the judiciary; that Fla. Stat. § 298.07, F.S.A., is an improper delegation of legislative power to the judiciary; and, that Fla. Stat. § 298.11, F.S.A., which controls voting within the districts, is invalid in its apportioning of votes on the basis of volume of land owned.
*524 The validity of Fla. Stat. § 298.11, F.S.A., has been determined by this Court in Lake Howell Water and Reclamation Dist. v. State, 268 So.2d 897 (Fla. 1972), so that it is unnecessary for us to consider the issue. It is likewise unnecessary for us to consider the constitutionality of any or all of Fla. Stat. Ch. 298, F.S.A., in view of our determination of the issue of notice raised by the landowners.
This Court has long held that where a taxing district is not established by the Legislature, but is to be formed by procedure under a statute, "appropriate notice and opportunity to be heard must be given to afford due process of law." Burnett v. Greene, 105 Fla. 35, 144 So. 205, p. 206 (1931). Notice need not always be personal, and notice by publication has long been accepted by this Court under certain circumstances and if certain requirements are met. Tibbetts v. Olson, 91 Fla. 824, 108 So. 679 (1926). The general test has been that the method chosen for notice must be reasonable and not illusory. Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935). In compliance with this standard, notice by publication in actions against land requires a published description of the land to be affected under the general Constructive Notice Statute, Fla. Stat. § 49.08(4), F.S.A., and under the notice statute applicable to forming a drainage district. Fla. Stat. § 298.02, F.S.A.
Yet, in the case sub judice, the published notice met no such requirement, and no such requirement is made by Fla. Stat. § 298.07, F.S.A. Even though the information necessary for adequate notice was available in the petition, the notice which was published provided no indication that the District planned to expand the area encompassed by the District; no information as to which lands outside the District, if any, might be affected; and, no information as to the physical limits of the District as then constituted. As such, the notification provided was less than illusory; it was nil, and the publication of such a notice, a nullity.
The Circuit Court, in upholding the application of Fla. Stat. § 298.07, F.S.A., in the present case, relied upon the reasoning of two cases from the Supreme Court of the United States: Hagar v. Reclamation District No. 108, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569 (1884), and Utley v. St. Petersburg, 292 U.S. 106, 54 S.Ct. 593, 78 L.Ed. 1155 (1934). The basis of the finding of the lower court is that landowners are provided a full opportunity to be heard in connection with any tax assessment prior to foreclosure, as required in Hagar and Utley. Fla. Stat. § 298.75, F.S.A. However, there is a vital difference between the facts in Hagar and Utley and those in the case sub judice. In both Hagar and Utley, the landowners were protesting only the levy of taxes pursuant to an existent special taxing district, not the creation of the district or the inclusion of their lands in the district. In the case sub judice, the present tax levy is not the issue; the issue is inclusion in the District.
The landowners urge that Fla. Stat. § 298.07, F.S.A., must be declared void by this Court as being vague and not providing due process of the law through reasonable notice. It is not necessary, however, for us to reach the issue of the constitutionality of the statute.
It is a cardinal rule of statutory construction that an act of the Legislature is presumed valid and will not be declared unconstitutional unless it is patently invalid. Knight & Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965). We have also adopted the view that a statute should be construed and applied so as to give effect to the evident legislative intent, even if it varies from the literal meaning of the statute. Deltona Corporation v. Florida Public Service Com'n, 220 So.2d 905 (Fla. 1969). Legislative intent should be gathered from consideration of the statute as a whole rather than from any one part thereof. State v. Hayles, 240 So.2d 1 (Fla. 1970). A *525 law should be construed together with any other statute relating to the same subject matter or having the same purpose if they are compatible. Garner v. Ward, 251 So.2d 252 (Fla. 1971).
We must look beyond the words of Fla. Stat. § 298.07, F.S.A., to determine its purpose as reflected in the totality of Fla. Stat. Ch. 298, F.S.A., and in conjunction with other statutes touching the same subject so far as possible. The obvious intent of Fla. Stat. § 298.07, F.S.A., is to provide a valid method for altering the incorporation of existing drainage districts, including adequate and reasonable notice to interested parties of proposed changes. This was not the effect of the published notice in the case sub judice.
We agree with the landowners that the establishment of a drainage district creates exactly the same benefits and duties for the included landowners as are created when land is incorporated into an existing district by amendment. Therefore, a petition to amend the existing district so as to include formerly unincorporated lands should include the same notice to the affected landowners as a petition to form a district. We are sure this is what the Legislature intended in requiring inclusion of the "prayer of said petition," which intention was defeated in the case sub judice. A reasonable and just solution is to require that Fla. Stat. § 298.07, F.S.A., be read in pari materia with Fla. Stat. § 298.02, F.S.A., so that the petitioner for a change in the boundaries of an existing district be required to include in the prayer of the petition that identification of the land involved that is required in the notice of the formation of a district. Such an interpretation would protect the legislative intent of providing adequate notice to affected landowners without placing any undue burden on the District or materially changing the requirements of the statute.
Accordingly, the decision of the Circuit Court is reversed and the cause is remanded to the Circuit Court of Seminole County with instruction to vacate its order of May 27, 1969, which expanded the area of the District to include the property of the landowners who are appellants here.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.