499 So.2d 926 (1986)
J.H. PRITCHARD, Appellant,
v.
JAX LIQUORS, INC. and Timothy Hinnant, Appellees.
No. BJ-381.
District Court of Appeal of Florida, First District.
December 24, 1986.
Rehearing Denied January 26, 1987.
*927 S. Perry Penland, of Penland, Penland, Pafford & Jones, Jacksonville, for appellant.
John Moffitt Howell, of Howell & Howell, Neptune Beach, and Arnold, Stratford & Booth, Jacksonville, for appellees.
THOMPSON, Judge.
Pritchard, the plaintiff below, appeals an order granting the motion of defendant Jax Liquors, Inc. (Jax) to dismiss the complaint filed against it. We reverse.
Pritchard's complaint alleged that on September 22, 1984 he was injured in an accident caused by the defendant Tommy Hinnant. The complaint alleged that Hinnant was intoxicated while he was driving on Interstate 295 and that he collided with a vehicle parked in the breakdown lane causing it to strike and severely injure Pritchard. Prior to the accident Hinnant had been a customer at a Jax lounge. The complaint further alleged that the defendant Jax Liquors was negligent in selling alcohol to Hinnant in that it knew Hinnant was habitually addicted to the use of alcoholic beverages and was so intoxicated that his normal faculties were impaired to such an extent that he posed a danger to himself and others. Jax moved to dismiss the complaint, contending it did not state a cause of action in that it failed to assert that Jax had been provided with written notice that Hinnant was an habitual drunkard as required by § 562.50, Fla. Stat. The motion also asserted that § 768.125, Fla. Stat., the statute upon which the action was based, was unconstitutionally vague and overbroad. Hinnant also filed a motion to dismiss.
By order dated June 25, 1985, the court granted the motions to dismiss and gave Pritchard ten days to file an amended complaint. Pritchard's amended complaint asserted that Jax served Hinnant alcoholic beverages "knowing at said time that the defendant Hinnant was a person who was habitually addicted to the use of any or all alcoholic beverages." The complaint alleged that as a result Hinnant became intoxicated to the point that his normal faculties were "impaired or further impaired" and that Jax knew or should have known the danger inherent in serving him. Jax again filed a motion to dismiss, arguing that the complaint was deficient as it contained no allegation of written notice, and that § 768.125 was unconstitutional.
On October 16, 1985 the court granted Jax's motion to dismiss. It found that § 562.50, which requires written notice as a *928 prerequisite to imposition of any criminal liability on a seller of alcohol, must be read in pari materia with § 768.125. Section 768.125 provides a civil remedy against providers of alcoholic beverages to a person who is "habitually addicted" to their use and who injures an innocent third party. The trial court concluded that unless the two statutes are read in pari materia, the "habitually addicted to the use" of alcohol language of § 768.125 would be unconstitutionally vague. The motion to dismiss was granted based on the amended complaint's failure to allege that Jax had been given written notice that Hinnant was an habitual drunkard. Pritchard was given ten days to amend but failed or refused to do so and filed a notice of appeal. This court temporarily relinquished jurisdiction and an appealable final judgment was entered January 1, 1986.
Pritchard contends that it is not necessary that § 562.50 and § 768.125 be read and construed in pari materia and that the court erred in requiring an action filed pursuant to § 768.125 to allege that a server of alcohol has received written notice as required by § 562.50. We agree.
Section 562.50 is a criminal statute which provides:
Habitual drunkards; furnishing intoxicants to, after notice.  Any person who shall sell, give away, dispose of, exchange, or barter any alcoholic beverage, or any essence, extract, bitters, preparation, compound composition, or any article whatsoever under any name, label, or brand, which produces intoxication, to any person habitually addicted to the use of any or all such intoxicating liquors, after having been given written notice by wife, husband, father, mother, sister, brother, child, or nearest relative that said person so addicted is an habitual drunkard and that the use of intoxicating drink or drinks is working any injury to the person using said liquors, or to the person giving said written notice, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
Section 768.125 is a negligence statute which provides for a cause of action against a person who serves alcoholic beverages to minors, or to persons who are known to the server to be habitually addicted to the use of alcohol. It provides:
Liability for injury or damage resulting from intoxication.  A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
It is a well-established principle of statutory construction that statutes relating to the same subject and having the same purpose should be construed together if they are compatible. See e.g., Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation District, 274 So.2d 522 (Fla. 1973). This is particularly true if the statutes are enacted at the same legislative session, but enactment at different times does not preclude statutes from being read and construed in pari materia. Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981). However, there is no basis in the instant case for reading and construing the two statutes in pari materia and imposing upon the plaintiff in a § 768.125 action a requirement that he allege and prove that the server of alcoholic beverages has received written notice that the recipient was habitually addicted to intoxicating liquors. Both statutes involve the serving of alcoholic beverages, but one is a criminal statute and the other is a civil statute. Although the two statutes relate to the same subject, the serving of alcoholic beverages, they were *929 enacted at different times for entirely different purposes. Section 562.50 was enacted in 1945 and subjects the provider of alcohol to criminal liability for serving alcohol to a "habitually addicted" person if the person's family has previously provided written notice that the person has a drinking problem. The statute's purpose is the protection of the habitual drunkard and his family. Section 768.125, on the other hand, was enacted in 1980 in the midst of a period of growing awareness and concern with the harm inflicted by intoxicated persons, particularly when they attempt to operate automobiles on a public highway. Barnes v. B.K. Credit Service, Inc., 461 So.2d 217 (Fla. 1st DCA 1984), pet. for rev. denied, 467 So.2d 999 (Fla. 1985); Comment, Dram Shop Liability, 13 Fla.St.U.L. Rev. 827 (1985). This statute provides two narrow exceptions to the common law rule of nonliability for servers of alcohol to persons who subsequently inflict damages on a third person. This statute is not a penal statute, but is in derogation of the common law and creates a new right in members of the general public. It does not contain any requirement that the alcohol provider have written notice of a person's drinking problem. Instead it merely requires that service to such a person be provided "knowingly" without any specification of how such knowledge must be obtained. Although it appears the legislature may have obtained the "habitually addicted" language of § 768.125 from § 562.50, it specifically did not also utilize the provision concerning written notice. Even when a statute is modeled after another statute, a court should hesitate to incorporate the provisions of one into the other. U.S. v. Kattan-Kassin, 696 F.2d 893 (11th Cir.1983). The two statutes in the instant case are sufficiently diverse in scope, aim and purpose that they should not be read in pari materia. State, Dept. of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980). Accordingly, the final judgment is reversed and remanded with instructions that the circuit court reinstate Pritchard's amended complaint against Jax.
REVERSED and REMANDED.
JOANOS and NIMMONS, JJ., concur.