561 So.2d 1342 (1990)
Charles F. WALDON, Appellant,
v.
Lisa JOHNSON and the State of Florida, Department of Health and Rehabilitative Services, Appellees.
No. 89-1782.
District Court of Appeal of Florida, First District.
June 1, 1990.
R. Stan Peeler of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellant.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for appellees.
PER CURIAM.
AFFIRMED.
SMITH and MINER, JJ., concur.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (concurring).
I concur in affirming the appealed order requiring appellant to pay certain amounts of child support. I write only to note certain problems with the application of the child support guidelines mandated by section 61.30, Florida Statutes (1989), which have been made manifest by the facts of this case.
In this case appellant was ordered to pay child support for the child born of his relationship with Lisa Johnson. Appellant is now married to another woman by whom he now has three children. His wife is not currently earning any income, as she takes care of the children at home. The trial court determined appellant's monthly income to be $793.51 and Lisa's monthly income to be $1,522.50. The trial court determined the amount of child support due for Lisa's child pursuant to the child support guidelines in section 61.30 in the following manner. After determining the amount of income attributable to the mother and father and subtracting allowable deductions, the court arrived at a mathematical share of support of 64 percent for the mother and 36 percent for appellant. The court then determined the minimum support level from the guidelines to be $405.00 based on the combined net income of these two parties said to be available for child support. To the guideline amount was added $182.00 *1343 per month for child day care, as authorized by the guidelines, totalling $587.00 as needed minimum child support. The court thereupon ordered appellant to pay 36 percent of this amount, that is $211.32, as monthly child support to Lisa Johnson. This calculation by the trial court conforms in all respects with the provisions in section 61.30.
My concern stems from the fact that appellant not only has the obligation to support Lisa's child, but his other three children as well. Subtracting the $211.32 from appellant's monthly income of $793.51 leaves only $582.19 available to support appellant, his wife, and the other three children. Allocating an equal share to these five persons provides only $116.44 per month for their support. In light of this allocation, one can readily see that one child is being supported at the level of $587.00 per month ($211.32 from appellant) while appellant's other three children have only a fraction of that support. Personally, I fail to see any equity in this result. Yet, the statutory guidelines fail to make any provision for considering whether either party has other children to support in calculating minimum child support due for Lisa's child, other than the specified authority of the "trier of fact" to "order payment of child support in an amount different from such guideline amount upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30, Fla. Stat. (1989).
In my view, it would have been preferable for the trial court in this case to have reduced the amount of child support to Lisa's child below the guideline amount in consideration of the needs of appellant's other three children. However, the standard of appellate review applicable to this appeal is abuse of discretion, and I agree with the majority that reversal under that standard is not called for as doing so would only amount to substituting our judgment for that of the trial judge. The trial judge complied with the guidelines statute, and I am not prepared to hold that he erred as a matter of law in not departing from the guidelines in these circumstances.
The child support guidelines are a mechanism for limiting the free exercise of discretion by trial judges in these cases for the ostensible purpose of obtaining some degree of uniformity and fairness in the amounts of child support ordered by the court. I have no doubt that such purposes cannot be successfully achieved, however, so long as the statute does not require the inclusion of all children being supported by a parent in the statutory calculation under the guidelines. This is a serious deficiency in the child support guidelines procedure that should be promptly addressed by the Florida Legislature.