ZEHMER, Judge.
V.C.F., a minor child, appeals a final judgment of the circuit court withholding adjudication of delinquency and placing her on a community control program. She contends the circuit court erred in denying her motion to dismiss because the state failed to file its petition charging delinquency within 45 days of her arrest in the state of Kansas. We affirm as the state filed its petition within 45 days from the date that V.C.F. was returned to Florida and placed in the custody of Florida officials.
On December 10, 1989, V.C.F. allegedly stole her mother-in-law’s automobile and drove it to Kansas City, Kansas. On December 12, she was arrested and taken into custody in Kansas based on a Florida warrant stemming from her status as a runaway and a grand theft charge relating to the automobile. V.C.F. was returned to *1365 Florida on December 21 and placed in a juvenile detention facility in Pensacola on December 22.
On February 1, 1990, the state filed a petition alleging that V.C.F. was delinquent based on the charge of grand theft of an automobile. The petition was filed 51 days after V.C.F.’s arrest in Kansas, and 42 days after her return to Florida and placement in the detention facility by Florida officials. V.C.F. moved to dismiss on the ground that the state failed to file the petition within 45 days from the date of her arrest as required by section 39.05(6), Florida Statutes (1989). The lower court denied the motion, ruling that “the forty-five day period does not commence to run until the person is in the custody of the Florida officials.” V.C.F. then entered a plea of nolo contendere, specifically reserving her right to appeal the lower court’s denial of this motion.
Section 39.01(51), Florida Statutes (1989), defines the term “taken into custody” for purposes of that chapter to mean “the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.” V.C.F. contends that the lower court erred in denying her motion to dismiss because the plain language of section 39.01(51), the public policy considerations that allow juveniles to be treated differently from adults, and the legislature’s failure to limit the definition of custody in the juvenile “speedy petition” statute,[1] unlike limitation in the adult speedy trial rule,[2] collectively require a ruling that the time period for filing the delinquency petition under section 39.05(6) began to run from the date of her arrest in Kansas. Responding, the state contends that the time period for the juvenile “speedy petition” statute is like that for the adult speedy trial rule and began to run when V.C.F. was taken into custody by Florida officials.
We reject the state’s contention that the juvenile speedy petition requirement in section 39.05(6) should be construed as just another speedy trial rule comparable to Florida Rule of Criminal Procedure 3.191. The juvenile counterpart to the adult speedy trial rule is found in Florida Rule of Juvenile Procedure 8.180, but there is no adult counterpart to the juvenile speedy petition requirement. The purpose of the speedy petition provision is functionally different from that underlying the speedy trial rules, as it deals with the filing of a petition rather than commencement of a trial. No Florida case has previously construed and applied the term “custody” in the context of the juvenile “speedy petition” statute where the juvenile was arrested outside of Florida pursuant to a Florida warrant and subsequently returned to Florida officials for prosecution. For the following reasons, we hold that in such circumstances, the 45-day time period for filing the petition begins to run from the date that the juvenile is returned to Florida and placed in the custody of Florida officials.
As a general rule of statutory construction, courts are required, where possible, to give compatible interpretations to statutes that relate to the same subject matter. Florida Jai Alai v. Lake Howell Water & Reclamation Dist., 274 So.2d 522 (Fla.1973). The fact that those statutes may have been enacted at different times does not preclude reading and construing them in pari materia. Pritchard v. Jax Liquors, 499 So.2d 926 (Fla. 1st DCA 1986). Reading all provisions in Chapter 39 in pari materia, it is apparent that sections 39.01(51) and 39.05(6) can be harmonized with the remaining provisions in Chapter 39 only if the 45-day time period for filing the petition begins to run from the date that the juvenile is returned to the custody of Florida officials in the state of Florida.
*1366 The provisions of part VII of Chapter 39, containing the “Interstate Compact on Juveniles,” [3] set forth the provisions applicable to the processing of a Florida juvenile arrested or detained by authorities in a state other than Florida pursuant to a Florida court order or warrant for the return of the juvenile to Florida officials, provided it is a party to the Interstate Compact.[4] Article I of the Interstate Compact[5] provides:
The cooperation of the states party to this compact is ... necessary to provide for the welfare and protection of juveniles and the public with respect to ... (3) the return, from one state to another, of nondelinquent juveniles who have run away from home.... It shall be the policy of states party to this compact to cooperate and observe their respective responsibilities for the prompt return and acceptance of juveniles and delinquent juveniles who become subject to the provisions of this compact. The provisions of this compact shall be reasonably and liberally construed to accomplish the foregoing purposes.
Article II of the Interstate Compact provides:
All remedies and procedures provided by this compact shall be in addition to and not in substitution for other rights, remedies and procedures....
Article IV of the Interstate Compact contains provisions for the return of runaways and sets forth detailed procedures to be followed both by the state seeking the return of a runaway juvenile and the state in which the juvenile is found. Of particular relevance to the issue in this case are the provisions authorizing the court of the foreign state before whom the juvenile is brought to make a determination that the child should be returned to the requesting state before the child can be turned over to the person appointed by the requesting court to receive the child. The accredited officer of any state being a party to the compact, upon demonstrating his authority, shall be permitted to transport the child back to the requesting state. “Upon his return to the state from which he ran away, the juvenile shall be subject to such further proceedings as may be appropriate under the laws of that state.” Similar provisions are contained in Article V of the Interstate Compact regarding the return of escapees and absconders. Article VI contains similar provisions when a juvenile voluntarily consents to his return to the requesting state. The significance of our reference to these provisions is that the juvenile in this case, V.C.F., was subject to the laws of the state of Kansas when she was initially taken into custody and remained so until her return to Florida, the state from which she had run away or absconded.
Parts I and II of Chapter 39, which include sections 39.01 and 39.05, set forth provisions for the processing of the juvenile upon return to Florida for further proceedings. Once the juvenile is taken into custody under section 39.03, the normal preliminary procedures involve: (1) either release or placement of the juvenile in a detention facility by the person who previously had custody of the juvenile and notification of the juvenile’s parents, see section 39.03(3); (2) filing of a report by the person who previously had custody of the child with the intake officer of the detention facility, see section 39.03(3); (3) filing of a complaint by the law enforcement agency with the clerk of the circuit court, which usually must be filed within 24 hours after the juvenile’s arrest, see section 39.-03(5)(a); (4) intake processing of the child by the intake officer, who must initially determine whether the complaint or report is complete, and if it is incomplete, return it to the person or agency originating the report, see section 39.04(2); (5) filing of the intake officer’s recommendation to the state attorney to file the delinquency petition, information, or indictment within 20 days from the date that the juvenile is *1367 taken into custody, see section 39.04(3)(d); and (6) the filing of the petition of delinquency, see section 39.05(6). These protracted procedures must necessarily be followed before a petition of delinquency can be filed, as they are intended to provide protection to the juvenile. Should we adopt the position advanced by V.C.F. (that in cases where the juvenile is arrested outside Florida and subsequently returned to Florida for prosecution, the time period should begin to run from the date of the juvenile’s arrest out of state), there is a strong probability that insufficient time would remain for all of these necessary preliminary procedures to be accomplished prior to the filing of the petition, considering that the extradition process must be completed before these normal preliminary procedures can commence. In V.C.F.’s case, when she was returned to Florida on December 21, 1989, only 34 days remained for accomplishing the necessary preliminary procedures outlined above, assuming the period began when she was arrested on December 10. To impose such reduced time constraints on the state after the return of the juvenile might well result, in many cases, in the curtailment of some procedures to avoid violating the speedy petition statute. Indeed, had V.C.F.’s return been delayed another month, no adequate time would have remained in which to accomplish the procedures required by chapter 39 before filing a petition for delinquency. We decline to imply such legislative intent from the language.
Therefore, we construe the phrase “when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law” as used in section 39.01(51) to mean when temporary physical control over the child is attained by a Florida official authorized to proceed under chapter 39 once the juvenile is returned to Florida. Since the state timely filed its petition within 45 days from the date V.C.F. was returned to Florida and placed in the custody of such officials, we find no error in the lower court’s denial of V.C.F.’s motion to dismiss.
AFFIRMED.
SHIVERS, C.J., and JOANOS, J., concur.

. § 39.05(6), Fla.Stat. (1989), which provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.

. Rule 3.191(a)(1) and (4), Fla.R.Crim.P. (1990).

. See §§ 39.51-39.516, Fla.Stat. (1989).

. Kansas is a party to the Interstate Compact on Juveniles. See Kan.Stat.Ann. §§ 38-1001-38-1007.

.The Articles of the Interstate Compact are incorporated in section 39.511, Florida Statutes (1989).