573 So.2d 941 (1991)
Kenneth M. FLETCHER and Joann Thomas, Appellants,
v.
Leon FLETCHER, Appellee.
No. 90-797.
District Court of Appeal of Florida, First District.
January 15, 1991.
Rehearing Denied February 18, 1991.
*942 William D. Anderson, Maureen C. Proctor, and Ralph A. Demeo of Huey, Guilday, Kuersteiner & Tucker, Tallahassee, for appellants.
Fred H. Flowers, Tallahassee, for appellee.
PER CURIAM.
Joann Thomas and her son, Kenneth Fletcher, have appealed a non-final order modifying the amount for which appellee Leon Fletcher is obligated for Kenneth's support. As a 100-percent disabled veteran, Fletcher receives Veterans Administration (VA) disability benefits. The trial court increased his support payments from $50.00 to $60.00 monthly, the latter amount reflecting the VA benefits allotted by the federal government for veterans' dependent children. We find that the court erred in excluding the remainder of Fletcher's VA disability benefits from his income in calculating his child support obligation under section 61.30, Florida Statutes (1989), and reverse.
The order herein appealed was based on the trial court's ruling that section 61.046(4), Florida Statutes (1987), "specifically excludes Veterans Administration disability benefits from the definition of income for purposes of determining child support" under section 61.30. The court concluded that "[s]ince [Fletcher] has no source of income or assets other than Veterans Administration disability benefits, [he] has a zero net income" for purposes of calculating his section 61.30 child support obligation.
Section 61.046(4), enacted in 1986, excludes Veterans Administration disability benefits from the definition of "income" as the term is generally used in chapter 61. Section 61.30(2)(a)4, enacted in 1987, includes "disability benefits" among the items to be included in gross income for the specific purpose of calculating the income of a child support obligor; VA disability benefits are not excepted. It is well established that, where there is in the same statute a specific provision, and also a general one that in its most comprehensive sense would include matters embraced in the former, the particular provision will nevertheless prevail; the general provision must be taken to affect only such cases as are not within the terms of the particular provision. 49 Fla.Jur.2d Statutes, § 182. Therefore, the exclusion of VA disability benefits by the general definition of "income" in section 61.046(4) has been overridden by the later-enacted, and more specific, section 61.30(2)(a)4.
This holding is supported by the first sentence of section 61.30, which reads: "The child support guideline amount as determined by this section presumptively establishes *943 the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter" (emphasis supplied). This is a clear indication that the support formula is to be used without reference to some other section of chapter 61.
Finally, where legislative language is susceptible to more than one interpretation, the interpretation which avoids an unreasonable result should be preferred. Agrico Chemical Co. v. State Department of Environmental Regulation, 365 So.2d 759, 766 (Fla. 1st DCA 1978), cert. denied, 376 So.2d 74 (Fla. 1979). See also Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984). We find that the holding herein results in the more reasonable interpretation of chapter 61.
The order of the trial court excluding Fletcher's VA disability benefits from his income for purposes of calculating his child support obligation is therefore reversed, and the case remanded for further proceedings consistent with this opinion.
SHIVERS, C.J., and JOANOS, J., concur.
ZEHMER, J., dissents with opinion.
ZEHMER, Judge (dissenting).
I respectfully dissent.
On this appeal, Ms. Thomas and her son Kenneth contend that the trial court erred in excluding Mr. Fletcher's Veteran's disability benefits from his total "income" under the provisions of section 61.30. Rather than using section 61.046(4)'s general definition of income for determining Mr. Fletcher's income, they argue that the trial court should have ignored that definition and used only the definitions and formula outlined in section 61.30, reasoning as follows. First, they rely on the language in section 61.30(1) referring to "the guidelines set forth in this section," specifically arguing that "[t]he child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support" and that reference to "this section" manifests a legislative intent that the trial court use only the formula outlined in section 61.30 to calculate the child support amount. Second, they point out that section 61.30(2)(a) specifically includes "disability benefits" in the calculation of gross income, does not distinguish between VA disability benefits and other types of disability benefits, and does not list VA disability benefits as an allowable deduction from gross income. Third, they contend that the legislative intent of section 61.046(4), which excludes VA disability benefits from its definition of "income," was so phrased to reflect existing provisions of federal law that prevent direct garnishment of VA disability benefits by creditors, while permitting those benefits to be considered by a court when arriving at the appropriate child support award, citing Staff of Florida S. Comm. on HRS, CS/SB 670 and CS/SB 224 (1986) Staff Analysis (May 7, 1986). They rely on Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), wherein the United States Supreme Court rejected the notion that VA disability benefits are intended solely for the veteran's support and observed that "§ 3101(a)[1] does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support." Id. at 634, 107 S.Ct. at 2038. Finally, appellants point out that other courts have held that veteran's benefits may be considered in setting alimony and child support. See e.g., Vassallo v. Vassallo, 540 So.2d 1300 (La. Ct. App. 1989); Holmes v. Holmes, 7 Va. App. 472, 375 S.E.2d 387 (1988).
The majority opinion reverses the trial court's ruling on essentially two rationales. First, relying on the principle of statutory construction that where the statute contains a general and a specific provision addressing a particular matter, the particular *944 provision will prevail and the general will affect only cases not within the terms of the particular, the opinion holds that the assumed "exclusion of VA disability benefits by the general definition of `income' in section 61.046(4) has been overridden by the later-enacted, and more specific, section 61.30(2)(a)4." Second, the opinion relies on the principle of statutory construction that "where legislative language is susceptible to more than one interpretation, the interpretation which avoids an unreasonable result should be preferred" to reach the conclusion that to ignore the limiting definition in section 61.046(4) "results in the more reasonable interpretation of chapter 61."
I do not intend to criticize the fairness of the policy arguments made by appellants. Points can be made in support of including or excluding VA disability benefits in calculating child support guidelines. Instead, whether the Florida legislature manifested a clear intent to implement appellants' arguments through its choice of statutory language is the only concern of this court on this appeal. I find appellants' arguments unavailing because the statutes in question, read in pari materia, contain specific, unambiguous language in section 61.046 explicitly defining the terms "as used in this chapter"; they manifest a clear legislative intent to exclude VA benefits from the disability benefits includable in "income," as that term is used throughout chapter 61. It is a general principle of statutory construction that, where possible, courts are required to give compatible interpretations to statutes that relate to the same subject matter. Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist., 274 So.2d 522 (Fla. 1973). The fact that those statutes were enacted at different times does not avoid their being read and construed in pari materia, Pritchard v. Jax Liquors, Inc., 499 So.2d 926 (Fla. 1st DCA 1986), rev. denied, 511 So.2d 298 (Fla. 1987), nor does it require the court to give greater priority to the later-enacted statute. We are required to "presume that statutes are passed with knowledge of prior existing statutes and that the legislature does not intend to ... effect so important a measure as the repeal of a law without expressing an intention to do so." Woodgate Dev. Corp. v. Hamilton Investment Trust, 351 So.2d 14, 16 (Fla. 1977). Thus, our first task is to harmonize the two statutory provisions if that is reasonably possible.
Reading the statutory provisions in section 61.046(4) and section 61.30(2) here involved[2] in pari materia, the only interpretation of section 61.30 that can be harmonized with section 61.046(4) and the remaining sections of Chapter 61 is to apply the statutory definition of "income" in section 61.046(4) throughout the chapter, including section 61.30, because the latter section does not provide otherwise. While the child support guidelines in section 61.30 indicate that "disability benefits" in general are included in the definition of "gross income," there is no explicit language in that section expressly negating the application of the definitional provisions in section 61.046(4) to that general term as used in section 61.30. The exclusion of VA disability benefits from the definition of disability benefits to be included in gross income is entirely different from calculating net income by deducting authorized allowable deductions from gross income as set forth in section 61.30(3). In the absence of explicit language in section 61.30 repudiating application of the statutory definition previously enacted in section 61.046(4), the court is not permitted to ignore the statutory definition so as to construe section 61.30 directly contrary to the language expressly making that definition applicable throughout chapter 61.
*945 Further, I find no obvious or irreconcilable conflict between the provisions of section 61.046(4) and section 61.30 simply because section 61.046 specifically excludes VA disability benefits from includable disability benefits while section 61.30 is silent on the subject. An apparent conflict may arise only if one assumes that the omission of any reference to VA disability benefits in section 61.30 necessarily manifests legislative intent that the more definitive definitions of includable disability benefits in section 61.046(4) are to be given no consideration in construing and applying section 61.30. Such an assumption becomes necessary only if one desires to reach a certain result in the application of the statute; it does not necessarily follow because the statutory language requires it. The court's function is to discern legislative intent manifested through the words used in the statute; it is not the court's function to decide which is the more desirable or reasonable result to be obtained in the application of the statute. The principle relied on by the majority opinion requires the court only to avoid constructions giving an unreasonable result, not to determine which of two constructions is the more reasonable interpretation. Moreover, exclusion of VA disability benefits is not necessarily an unreasonable result, as the legislature could legitimately provide either way. Accordingly, the majority opinion's assumption that the trial court's construction of the statute produces an unreasonable result is wholly impermissible under general rules of statutory construction. The general principle of statutory construction positing that when two statutes conflict, a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms, See Department of HRS v. American Healthcorp, 471 So.2d 1312 (Fla. 1st DCA 1985), opinion approved and adopted, 488 So.2d 824 (Fla. 1986), is inapplicable in this instance.
It must be remembered that there are various kinds of disability benefits other than VA benefits includable by definition in calculating gross income, and this fact provides a sufficient basis for construing and applying the term "disability benefits" consistently in both sections. The fact that section 61.046(4) specifically excludes VA disability benefits from the definition of "disability benefits" is simply not inconsistent with the provisions of section 61.30 setting forth allowable deductions from gross income. It is clear from the statutory language that the legislature did not intend to include VA disability benefits in the computation of income for any purpose under chapter 61. A contrary construction of any provision in that chapter can be reached only by inferring from the legislature's silence that it intended to include VA disability benefits in the calculation of income under section 61.30. Drawing such an inference in the face of express statutory language to the contrary is not supportable by any principle of law. It is not the court's function to rewrite clearly written statutes for the purpose of producing a certain result by resorting to what a particular judge may perceive to be fair and the "more reasonable interpretation" of the statute. Even if the result in the appealed order may be deemed more unfair to Ms. Thomas and Kenneth (an arguable contention considering the limited nature of such benefits), there is no legitimate basis under applicable principles of appellate review for us to disturb the ruling of the circuit court.
I must also note that this is not the only instance of an unjust result produced by the construction and application of the clear language of the child support provisions in section 61.30. See Waldon v. Johnson, 561 So.2d 1342 (Fla. 1st DCA 1990) (Zehmer, J., concurring). If applying the literal language of the statute to exclude VA benefits from the calculation of total income available for child support is to be deemed unfair, that issue is a policy matter to be corrected by the legislature, not by this court.
NOTES
[1] 38 U.S.C. § 3101(a). That section prohibits a creditor's attachment, levy, or seizure of a veteran's disability benefits either before or after the veteran receives the benefits.
[2] Section 61.046(4), Florida Statutes (1989), sets forth the general definition of "income" for use throughout chapter 61 and, although it includes general disability benefits, it expressly excludes VA disability benefits. Section 61.30(2) provides that "[i]ncome shall be determined for the obligor and the obligee as follows: (a) Gross income shall include, but is not limited to, the following items ... 4. Disability benefits." Section 61.30(3) lists allowable deductions from gross income, but does not mention VA disability benefits. Section 61.30(4) provides that "[n]et income for the obligor and net income for the obligee shall be computed by subtracting the allowable deductions from gross income."