Ms. Mary A. Marshall Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602
Dear Ms. Marshall:
On behalf of the Alachua County Library District, you ask substantially the following questions:
1. Is the Alachua County Library District required to use the county attorney's office for legal services?
2. Is the library district required to use the finance and accounting services of the clerk of the circuit court?
3. Is the library district required to have the audit of its financial statements performed as part of the county's financial statements?
4. Does the library district have the authority to obtain other support services, such as for budgeting and personnel, from any source?
In sum, I am of the opinion:
1. The Alachua County Attorney's Office is responsible for providing legal services to the Alachua County Library District; if, however, the county attorney's office is unable to provide such services, the governing board of the district may retain independent legal counsel.
2. Since the clerk of the circuit court appears to provide accounting and treasury services for the Alachua County General Fund, the clerk is responsible for providing accounting and treasury services to the district's board of trustees which assists the governing body of the district in carrying out its functions. To the extent that the governing body of the district requires such services, it may employ such accountants and other consultants and professionals as deemed necessary to carry out its functions.
3. The library district is required to have the audit of its financial statements performed as part of the county's audit of its financial statements.
4. The governing body of the library district has the authority to obtain other support services, such as for budgeting and personnel, from any source in accordance with general law.
The Alachua County Library District (district) was created by special act of the Legislature.[1] It operates as "an independent special taxing district . . . for the purpose of providing the only library system services and facilities for all citizens of Alachua County, excluding the school library system . . . ."[2] The district is governed by the Governing Board of the Alachua County Library District (governing board) which is composed of three members of the board of county commissioners and two members of the Gainesville City Commission.[3] The special act also creates the Alachua County Library Board of Trustees (board \ of trustees) to assist the governing board in carrying out its duties.[4]
Question One
Pursuant to s. 8(2), Ch. 85-376, Laws of Florida, "[t]he Alachua County Attorney shall provide legal services to the library district." Section 3(17), Ch. 85-376, supra, however, in setting forth the powers of the governing board, states that the board has the power to "[r]etain attorneys, accountants, architects, engineers, and other consultants and professionals, pursuant to applicable general law."[5] Thus, one section of the district's enabling legislation places the responsibility of providing legal services on the county attorney while another section recognizes the governing board's authority to retain attorneys.
In construing a statute, effect must be given, to the extent possible, to all parts of the statute.[6] In order to give effect to the provisions quoted above, I am of the opinion that the enabling legislation for the library district imposes the responsibility for providing legal services to the district on the county attorney. To the extent the county attorney is unable to provide such services, the governing board of the district is authorized to retain independent legal counsel although it may be more cost effective for the district to contract with another governmental entity to provide such legal services if the county attorney is unable to provide such services.[7]
Question Two
Section 8(3) of Ch. 85-376, Laws of Florida, provides:
Accounting and treasury services for the board of trustees shall be provided in the same manner as such services are provided for the Alachua County General Fund.
Pursuant to s. 1(d), Art. VIII, State Const., the clerk of the circuit court serves as the auditor, recorder, and custodian of all county funds unless otherwise provided by county charter or special act approved by the electorate. General law also recognizes the role of the clerk of the circuit court as the clerk and accountant for the board of county commissioners.[8] You state that the above duties of the clerk of the circuit court have not been altered by county charter or special act.
It thus appears that the clerk of the circuit court provides accounting and treasury services for the Alachua County General Fund. Therefore, since accounting and treasury services for the district's board of trustees are to be provided by the same method or mode as such services are provided to the county,[9] the clerk of the circuit court appears to be responsible for providing such services to the district's board of trustees.
Section 8(3), supra, refers to accounting and treasury services being provided to the board of trustees, not to the governing body of the district. Section 3(10), Ch. 85-376, Laws of Florida, provides that the governing body shall appropriate and convey revenues of the district to the board of trustees for the operation and maintenance of library services and facilities. When so conveyed, such revenues are deemed to be revenues of the board of trustees to be expended by the board in accordance with the adopted budget. The accounting and treasury services for the board of trustees in carrying out such functions, thus, would be provided by the clerk of court.
This office, however, has no authority to read additional words into the statute to extend its application to the governing body of the district.[10] Pursuant to s. 3(17), Ch. 85-376, Laws
of Florida, the governing body of the district is authorized to employ accountants and other consultants and professionals. Therefore, I am of the opinion that, to the extent deemed necessary to carry out its duties, the governing body has the authority under s. 3(17), Ch. 85-376, Laws of Florida, to employ accountants and other consultants and professionals.
Question Three
Section 8(4), Ch. 85-376, Laws of Florida, provides: The audit of the library district's financial statements shall be performed as a part of the annual audit of Alachua County's financial statements.[11]
The above language clearly contemplates that the district's audit will be carried out as a part of the county's financial audit. Where the controlling law directs how a thing is to be done, that is, in effect, a prohibition against it being done in any other way.[12]
As discussed supra, the library district was created as an independent special district. Pursuant to the Uniform Special District Accountability Act of 1989, Ch. 189, F.S., each special district shall make provision for an independent postaudit of its financial records as provided in s. 11.45, F.S. Counties are also required to have an independent certified public accountant audit county agencies if the county has not by July 1 in any fiscal year been notified that a financial audit will be performed by the Auditor General.[13]
It is a rule of statutory construction that statutes relating to the same subject should be read in pari materia.[14] I find no conflict between the provisions of s. 8(4), Ch. 85-376, Laws of Florida, requiring the audit of the district to be performed as part of the county's audit where the county utilizes an independent certified public accountant to audit the county's financial statement. Pursuant to the language of s. 8(4), supra, such independent certified public accountant should also perform the audit of the library district.
Question Four
Section 8(1), Ch. 85-376, Laws of Florida, authorizes the governing board of the district to arrange for the provision of budgeting, building, and grounds maintenance, personnel, purchasing, and similar general government services to the library district. Pursuant to s. 3(17) of Ch. 85-376, supra, the governing board is authorized to retain consultants and other professionals.[15]
In light of the above, I am of the opinion that the library district has the authority to obtain other support services, such as for budgeting and personnel, from any source in accordance with general law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 85-376, Laws of Florida, as amended by Ch. 87-529, Laws of Florida.
[2] Section 2(1), Ch. 85-376, Laws of Florida.
[3] Section 2(3), Ch. 85-376, Laws of Florida.
[4] Section 5, Ch. 85-376, Laws of Florida. And see, s. 6, Ch. 85-376, supra, as amended by s. 3, Ch. 87-529, Laws of Florida.
[5] See generally, s. 8(1), Ch. 85-376, Laws of Florida, which provides that "[t]he governing board shall arrange for the provision of budgeting, building, and grounds maintenance, personnel, purchasing, and similar general government services to the library district."
[6] Kepner v. State, 577 So.2d 576 (Fla. 1991); D.B. v. State,544 So.2d 1108 (1 D.C.A. Fla., 1989) (court is bound to give effect to every provision of statute it construes).
[7] Cf., s. 287.059, F.S., requiring state agencies requesting approval for the use of private legal services to first offer to contract with the Department of Legal Affairs for such legal services at a cost pursuant to mutual agreement.
[8] See, ss. 28.12 and 125.17, F.S.
[9] See generally, Black's Law Dictionary Manner 1115 (4th rev. ed. 1968) (a way, mode, method of doing anything); 55 C.J.S. Manner (includes both method and mode). Cf., Terry v. Ferreria,51 So.2d 426 (Fla. 1951) (phrase "in the same manner" is one of procedure).
[10] See, e.g., Board of County Commissioners of Monroe County v. Department of Community Affairs, 560 So.2d 240 (3 D.C.A. Fla., 1990) (in construing a statute, courts cannot attribute to the legislature an intent beyond that expressed).
[11] See, s. 218.32(1)(a), F.S., requiring financial statement of each unit of local government be completed within 90 days after the close of the unit's fiscal year.
[12] See, White v. Crandon, 156 So. 303 (Fla. 1934); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944).
[13] Section 11.45(3)(a)4., F.S.
[14] See, V.C.F. v. State, 569 So.2d 1364 (1 D.C.A. Fla., 1990) (courts generally required, where possible, to give compatible interpretations to statutes that relate to same subject even though such statutes may have been enacted at different times); Graham v. Edwards, 472 So.2d 803 (3 D.C.A. Fla., 1985), review denied, 482 So.2d 348 (Fla. 1986) (statutes on same subject are to be read in harmony with each other, without destroying their evident intent).
[15] And see, s. 3(16), Ch. 85-376, Laws of Florida, as amended by Ch. 87-529, Laws of Florida (governing board authorized to provide for the employment of personnel and all matters relative thereto through the development of a personnel system).