Mr. Douglas R. Murdock Chairman, State Board of Building Codes and Standards Department of Community Affairs 2555 Shumard Oak Boulevard Tallahassee, Florida 32399-2100
Mr. Medard Kopczynski Venice Director of Growth Management 401 West Venice Avenue Venice, Florida 34285
Dear Mr. Murdock and Mr. Kopczynski:
On behalf of the State Board of Building Codes and Standards and the Venice City Council, respectively, you ask substantially the following question:
Are townhouses considered to be multiple-family dwellings for purposes of the sprinkler requirements contained in section553.895(2), Florida Statutes?
In sum:
Townhouses that are three or more stories tall and consist of three units or more are multiple-family dwellings for purposes of the sprinkler requirements contained in section 553.895(2), Florida Statutes.
Part VII, of Chapter 553, Florida Statutes, the "Florida Building Codes Act," was enacted by the Legislature to provide a mechanism for the promulgation, adoption, and enforcement of state minimum building codes.[1] Section 553.73, Florida Statutes, requires local governments with building construction regulation responsibilities to adopt a building code to cover all types of construction.[2] Subsection (2) of the statute establishes the State Minimum Building Codes, which include several nationally recognized model codes.[3] Local governments and state agencies with building construction regulation responsibilities are required to adopt one of the State Minimum Building Codes as their building code "which shall govern the construction, erection, alteration, repair, or demolition of any building for which the local government or state agency has building construction regulation authority."[4] The State Board of Building Codes and Standards is authorized to adopt rules and regulations and to issue advisory opinions relating to the interpretation, enforcement, administration, or modification by local governments of the State Minimum Building Codes.[5]
Section 553.895, Florida Statutes, relates to firesafety and provides in subsection (2):
"Except for single-family and two-family dwellings, any building which is of three stories or more and for which the construction contract is let after January 1, 1994, regardless of occupancy classification and including any building which is subject to s.509.215, shall be equipped with an automatic sprinkler system installed in compliance with the provisions of chapter 633 and the rules and codes adopted pursuant thereto. . . ." (e.s.)
Chapter 553, Florida Statutes, does not contain a definition of "single-family" dwelling. You note that the Standard Building Code defines a townhouse as a "single family dwelling constructed in a series . . . of attached units with property lines separating each unit" and that section 481.203(7), Florida Statutes, contains a similar definition for purposes of Part I, Chapter 481, Florida Statutes, regulating the practice of architecture.[6] You, therefore, inquire whether a townhouse constitutes a single-family dwelling within the meaning of the above statute.
While a townhouse unit may be used as a single-family dwelling, the structure is that of multiple attached units. The State Fire Marshall in considering this issue has stated that the exception for single-family dwellings in section 553.895(2), Florida Statutes, applies only to stand-alone single-family and two-family dwellings and was not intended to include apartments, townhouses, or condominiums that are multiple-family (three or more units) structures.[7]
An examination of the legislative history surrounding the enactment of the pertinent language in section 553.895(2), Florida Statutes, in 1993 indicates that it was the Legislature's intent to amend "subsection 553.895(2), F.S., to provide that all buildings three or more stories tall, regardless of occupancy classification, . . . shall install automatic sprinkler systems according to provisions of chapter 633, F.S., exempting one and two-family dwellings."[8] As an exception to a statute enacted for the public safety, the exemption for single-family and two-family dwellings should be strictly construed.[9]
Moreover, the provisions of section 553.895, Florida Statutes, and the term "single-family dwelling" should be considered in light of other statutes covering the same subject or having the same purpose, that is, firesafety.[10] Section 633.025, Florida Statutes, requires each municipality, county, and special district with firesafety responsibilities to adopt minimum firesafety standards that shall operate in conjunction with the state minimum building code adopted by such local jurisdiction pursuant to section 553.73.[11] In addition, each municipality, county, and special district with firesafety responsibilities is required to adopt the National Fire Protection Association (NFPA) 101, Life Safety Code, 1985 edition or subsequent edition, as part of its minimum firesafety code.[12]
You have advised this office that NFPA Standard 101's sprinkler requirements, applicable to all multiple-family residential buildings "whether designated as apartment houses, tenements, garden apartments, or by any other name," apply to townhouses.[13]
Thus, townhouses are subject to these sprinkler requirements as a part of the local government's minimum firesafety code.[14]
In light of the above and until legislatively clarified, I am of the opinion that the exception afforded by section 553.895(2), Florida Statutes, for single-family and two-family dwellings should be construed to apply only to stand-alone single-family and two-family dwellings and does not include townhouses or condominiums that are three or more stories tall and are multiple-family (three or more units) structures.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 553.72, Fla. Stat., setting forth the legislative intent.
[2] Section 553.73(1), Fla. Stat.
[3] And see, s. 553.73(3), Fla. Stat., authorizing the Board of Building Codes and Standards to designate by rule all or a part of an updated or revised version of a model building code listed in subsection (2) as a State Minimum Building Code.
[4] Section 553.73(2), Fla. Stat.
[5] See, s. 553.77(1)(a) and (d), Fla. Stat.
[6] Cf., s. 553.73(2)(a), Fla. Stat., in adopting the Standard Building Codes as one of the State Minimum Building Codes, expressly excludes its fire prevention provisions. And see, s.481.203(7), Fla. Stat., defining "Townhouse" for purposes of Part I, Ch. 481, Fla. Stat., as
"a single-family dwelling unit not exceeding three stories in height which is constructed in a series or group of attached units with property lines separating such units. Each townhouse shall be considered a separate building and shall be separated from adjoining townhouses by the use of separate exterior walls meeting the requirements for zero clearance from property lines as required by the type of construction and fire protection requirements; or shall be separated by a party wall; or may be separated by a single wall meeting the following requirements:
(a) Such wall shall provide not less than 2 hours of fire resistance. Plumbing, piping, ducts, or electrical or other building services shall not be installed within or through the 2-hour wall unless such materials and methods of penetration have been tested in accordance with the Standard Building Code.
(b) Such wall shall extend from the foundation to the underside of the roof sheathing, and the underside of the roof shall have at least 1 hour of fire resistance for a width not less than 4 feet on each side of the wall.
(c) Each dwelling unit sharing such wall shall be designed and constructed to maintain its structural integrity independent of the unit on the opposite side of the wall."
[7] See, Florida State Fire Marshall, Final Administrative Authority Interpretation, SFM# 96-055, July 5, 1996.
[8] See, Final Bill Analysis Economic Impact Statement on CS/HB 1647 (passed as Ch. 93-276, Laws of Florida), Florida House of Representatives, Committee on Community Affairs.
[9] See, Samara Development Corporation v. Marlow,556 So.2d 1097 (Fla. 1990) (exceptions or provisos in statute should be narrowly and strictly construed); State v. Nourse, 340 So.2d 966
(Fla. 1976) (any ambiguity in an exception statute is normally construed in manner restricting use of the exception).
[10] See, e.g., Smith v. Crawford, 645 So.2d 513 (Fla. 1st DCA 1994) (statutes on same subject and having same or closely related subject are regarded in pari materia and should be construed together and compared with each other); V.C.F. v. State,569 So.2d 1364 (Fla. 1st DCA 1990) (courts are required, where possible, to give compatible interpretations to statutes that relate to same subject matter).
[11] These minimum firesafety standards do not apply to buildings and structures subject to the uniform safety standards under section 633.022, Florida Statutes or those buildings and structures subject to the minimum building standards adopted pursuant to section 394.879, Florida Statutes. And see, s.633.022, Fla. Stat., establishing uniform firesafety standards for state owned or leased buildings, hospitals, nursing homes, assisted living facilities, correctional facilities, public schools, transient public lodging establishments, public food establishments, elevators, migrant labor camps, mobile home parks, lodging parks, recreational vehicle parks, recreational camps, residential and nonresidential child care facilities, facilities for the developmentally disabled, motion picture and television special effects productions and self-service gasoline stations.
[12] Section 633.025(3), Fla. Stat.
[13] See, para. 18-1.3.1 of Standard 101. And see, para. 18-1.3.2, creating certain exemptions for buildings with specified exits.
[14] Cf., s. 553.73(8)(a), Fla. Stat., providing that "In the event of a conflict between the applicable minimum building code and the applicable minimum fire safety code, it shall be resolved by agreement between the local building code enforcement official and the local fire code enforcement official in favor of the requirement of the code which offers the greatest degree of lifesafety or alternatives which would provide an equivalent degree of lifesafety."