Mr. Matthew D. Bordelon General Counsel Holley Navarre Fire Protection District 2721 Gulf Breeze Parkway Gulf Breeze, Florida 32561-3079
Dear Mr. Bordelon:
On behalf of the Board of Commissioners of the Holley Navarre Fire Protection District, you ask substantially the following question:
Do sections 190.009 or 190.011, Florida Statutes, require a referendum when a fire control district changes the purpose for the non-ad valorem assessment or the use of its revenues?
In sum:
Sections 190.009 and 190.011, Florida Statutes, do not require a referendum when a fire control district changes the purpose for the non-ad valorem assessment or the use of its revenues, unless such change results in an increase of the assessment that exceeds the rate set the previous fiscal year or the rate previously set by special act or county ordinance, whichever is more recent, by more than the average annual growth rate in Florida personal income over the previous five years.
The Holley Navarre Fire Protection District (the district) was created by special act[1] in Santa Rosa County and is authorized to levy special assessments against taxable real estate within the district for fire protection.[2]
In 1997, the Legislature enacted Chapter 191, Florida Statutes, the "Independent Special Fire Control District Act (act),"[3] to provide standards, direction, and procedures concerning the operations and governance of independent special fire control districts as well as greater uniformity in the financing authority of such districts.[4] The term "Independent special fire control district" is defined by section 191.003(5), Florida Statutes, to mean:
"an independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."
Each district is required to comply with the act,[5] regardless of other more specific provisions of any special act or general law of local application creating the charter of the district.
Section 191.009, Florida Statutes, authorizes a district to levy taxes and non-ad valorem assessments to construct, operate, and maintain district facilities and services.[6] In providing for the levy of non-ad valorem assessments,[7] subsection (2) of the statute provides in part:
"The rate of such assessments must be fixed by resolution of the board pursuant to the procedures contained in s. 191.011. Non-ad valorem assessments rates set by the board may exceed the maximum rates established by special act, county ordinance, the previous year's resolution, or referendum in an amount not to exceed the average annual growth rate in Florida personal income over the previous 5 years. Non-ad valorem assessment rate increates within the personal income threshold are deemed to be within the maximum rate authorized by law at the time of initial imposition. Proposednon-ad valorem assessment increases which exceed the rate set theprevious fiscal year or the rate previously set by special act or county ordinance, whichever is more recent, by more than theaverage annual growth rate in Florida personal income over thelast 5 years, or the first-time levy of non-ad valorem assessments in a district, must be approved by referendum of the electors ofthe district. The referendum on the first-time levy of an assessment shall include a notice of the future non-ad valorem assessment rate increases permitted by this act without a referendum. Non-ad valorem assessments shall be imposed,collected, and enforced pursuant to s. 191.011." (e.s.)
Section 191.011, Florida Statutes, establishes the procedures for districts to follow for the levy and collection of non-ad valorem assessments, requiring that such assessments be levied only on benefited real property at a rate of assessment based on the special benefit accruing to such property from such services or improvements. While the statute sets forth detailed procedures to be followed, including an opportunity for the public to express its objections at a public hearing, it does not provide for or otherwise require a referendum.
Both section 191.009 and section 191.011, Florida Statutes, must be read together.[8] While prescribing when a referendum must be held to impose special assessments, section 191.009 also requires that the procedures prescribed in section 191.011 are met.
Accordingly, I am of the opinion that sections 190.009 and190.011, Florida Statutes, do not require a referendum when a fire control district changes the purpose for the non-ad valorem assessment or the use of its revenues, unless such change results in an increase of the assessment that exceeds the rate set the previous fiscal year or the rate previously set by special act or county ordinance, whichever is more recent, by more than the average annual growth rate in Florida personal income over the previous five years.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 80-603, Laws of Florida, as amended by Ch. 81-485, Laws of Florida. And see, s. 15(1), Ch. 80-603, Laws of Florida, requiring approval of the act by the district electors. Chapter 80-603, Laws of Florida, creating the Holley-Navarre Fire Protection District, became effective upon approval by a majority of the qualified electors participating in a referendum held in November 1980.
[2] Section 5(1) and (2), Ch. 80-603, Laws of Florida. And see,
s. 15(2), Ch. 80-603, Laws of Florida, stating that any assessments levied under and pursuant to the provisions of subsection 5 of the act shall take effect upon approval of the act by the qualified electors residing within the territorial limits of the district as provided in s. 15(1), Ch. 80-603, supra.
[3] See, s. 191.001, Fla. Stat.
[4] Section 191.002, Fla. Stat.
[5] See, s. 191.004, Fla. Stat., which provides:
"It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."
[6] See, s. 191.009(1) and (2), Fla. Stat. Subsections (3) and (4) of the statute provide for the imposition of user charges and impact fees.
[7] Non-ad valorem assessments means those assessments which are not based upon millage and which can become a lien against a homestead as permitted in Art. X, s. 4, Fla. Const. See, s.197.3632(1)(d), Fla. Stat.
[8] See, e.g., Smith v. Crawford, 645 So.2d 513 (Fla. 1st DCA 1994) (statutes on same subject and having same or closely related subject are regarded in pari materia and should be construed together and compared with each other); V.C.F. v. State,569 So.2d 1364 (Fla. 1st DCA 1990) (courts are required, where possible, to give compatible interpretations to statutes that relate to same subject matter).