PER CURIAM.
D.B. was approached by a police officer who observed the juvenile drop a piece of paper on the ground. When the paper was found to contain two pieces of crack cocaine, D.B. was detained. On April 22, 1989, a detention hearing was held before the Leon County Circuit Court, Juvenile Division. The Public Defender was appointed to represent the child and objected to his continued detention on the basis that the statutory criteria for detention were not met. The trial court overruled the *1109 objection and ordered the child securely detained. A second hearing was held on April 24 with the same result, except that detention was ordered to be secure or non-secure at the discretion of the Department of Health and Rehabilitative Services.
D.B. then petitioned this court for a writ of habeas corpus, contending that the lower tribunal’s determinations that he met the criteria for continued detention under § 39.032(3)(d)3, Fla.Stat. (Supp.1988), were incorrect. We ordered respondent to show cause and directed petitioner to supply this court with the transcripts of any hearings held below, or a statement of evidence if such transcripts were unavailable. We subsequently determined that we have appellate jurisdiction pursuant to § 39.032(6)(a) and so elected to treat the petition as a notice of appeal and an initial brief and the response as an answer brief. See Rule 9.040(c), Florida Rules of Appellate Procedure.
The court was then provided with a stipulated statement of the evidence signed by the attorneys who handled the proceedings in the lower tribunal and approved by the court. Therein it is stated that:
[T]he District Intake Counselor for HRS testified that the child’s prior history consisted of three (3) prior burglaries and a loitering and prowling, all of which were handled nonjudieially by the J.A.S.P. Program. The child also had a prior petit theft which was judicially referred to the J.A.S.P. Program and was terminated successfully on November 9, 1988. [The counselor] indicated the child had never previously been detained, was not currently under any supervision by the Department, and had never previously been supervised by the Department.
This court granted the relief sought by appellant by unpublished order with a commitment to subsequently explain its reasoning in this opinion.
The state has taken the position that appellant may be detained on the basis of his prior record, and relies specifically on § 39.032(3)(d)3. This statute was substantially revised by the 1988 Florida Legislature and now provides in pertinent part that a child may continue to be detained if:
(d) The child is charged with a serious property crime as defined in s. 810.02(2) and (3); or with the possession, sale or manufacture of or trafficking in a controlled substance, which if committed by an adult would be a felony, and:
1. He is already detained or has been released and is awaiting final disposition of his case;
2. He has a record of failure to appear at court hearings;
3. He has a record of law violations prior to court hearings;
4. He has a record of violent conduct resulting in physical injury to others; or
5. He has a record of adjudications for serious property offenses....
In the instant case there is no dispute that D.B. is charged with possession of a controlled substance which if committed by an adult would be a felony. Likewise, there is no allegation that subsections (3)(d)l, 2, 4, or 5 are applicable to the facts presented here. Thus, the issue squarely before us is the proper interpretation of § 39.032(3)(d)3, whether D.B. “has a record of law violations prior to court hearings.”
The state urges us to interpret the statute so the intake counselor’s testimony established a record of law violations justifying continued detention. Appellant proposes a different construction, so that any such violations, even assuming they were properly established, would have had to have been committed at a time when D.B. was on release between the time of an arrest or initial detention and a final hearing on the charges. We agree with appellant’s proposed construction for several reasons and do not reach the question of whether the record in this cause established that D.B. had a record of law violations. Assuming that it did, however, ap-pellee’s interpretation would render subsections (3)(d)4 and 5 meaningless, as all law violations, not just those involving violent conduct resulting in physical injury to others or serious property offenses, would justify continued detention. We are, if possible, bound to give effect to every provision *1110 of a statute in construing it. State v. Zimmerman, 370 So.2d 1179 (Fla. 4th DCA 1979). Second, appellee’s suggested construction effectively removes the phrase “prior to court hearings” from our reading of the statute, a result to be avoided. Atlantic Coast Line Railroad v. Boyd, 102 So.2d 709 (Fla.1958). Finally, the Legislature expressed its intent in section 12 of Ch. 88-381, Laws of Fla., the enactment that amended § 39.032 to its present form. That section provides in part that it was addressing “the need to reduce the overcrowding in detention [and] the need to reduce inappropriate placements in detention .... ” Additionally,
In achieving these goals it is the intent of the Legislature that detention under the provisions of part I of chapter 39, Florida Statutes, be used only when less restrictive interim placement alternatives prior to adjudication and disposition are not appropriate. It is further the intent of the Legislature that decisions to detain be based in part on a prudent assessment of risk, and that decisions to detain be limited to situations where there is clear and compelling evidence that a child presents a danger to himself or to the community or presents a risk of failing to appear, or is likely to commit a subsequent law violation prior to adjudication and disposition.
These statements suggest to us that the Legislature intended that most juvenile offenders should be released prior to an adjudicatory hearing and that the exceptions enumerated in § 39.032(3) should be narrowly construed.
For the foregoing reasons we find that D.B. did not meet the statutory criteria for continued detention and that the circuit court orders directing such detention were erroneous. Accordingly, those orders are reversed.
JOANOS, THOMPSON and ZEHMER, JJ., concur.