PETERSON, Judge.
The trial court ordered that S.E.W., a minor, be “[djetained ORJDC[1] pending placement.” This order placing S.E.W. in secure detention is not inconsistent with section 39.044(11), Florida Statutes (1991), which states:
When a child is committed to the department awaiting dispositional placement, removal of the child from detention care shall occur within 5 days, excluding Saturdays, Sundays, and legal holidays. A child placed into secure detention care and committed to the department who is awaiting dispositional placement in a commitment program shall be transferred by the department into nonsecure or home detention care if placement does not occur within 5 days after commitment, excluding Saturdays, Sundays, and legal holidays. If the child is committed to a residential program, the department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care or transfer to nonsecure or home detention care shall not exceed 15 days after commitment, excluding Saturdays, Sundays, and legal holidays.
HRS tries to interpret the order to mean that it requires HRS to detain S.E.W. be *1246 yond five days, and HRS complains that the trial court exceeded its authority. We do not read the order to require HRS to act in contravention of the statute.
If HRS was in doubt about the meaning of the order, it should have objected or moved for clarification. The record does not indicate that HRS took either course. HRS simply appealed the order based upon its interpretation that the order requires continuous detention. Since we interpret the order to be consistent with the statutory limitations of section 39.044(11), we affirm the order without prejudice to the right of HRS to seek clarification by the trial court.
Two years ago, we suggested that public funds would be conserved if HRS first attempted to resolve problems of this type at the trial court level. See Department of Health and Rehabilitative Services v. R.S., 567 So.2d 532 (Fla. 5th DCA 1990). If, in the instant case, HRS had followed that suggestion and obtained an order of clarification that was contrary to the dictates of the legislative pronouncement, clearly relief could be afforded on appeal. Further, if the trial court had been presented with the issue, perhaps the detention would have been terminated at an early date and this appeal would not have been necessary. We would encourage HRS to cooperate by first applying to the trial court for clarification if it is in doubt as to the interpretation of an order. If the trial court refuses to clarify the order or clarifies it in a manner that violates statutory or case law, remedial action will be available in this court.
AFFIRMED.
COBB and COWART, JJ., concur.

. Orlando Regional Juvenile Detention Center. We note that this juvenile case was first before this court under a petition for writ of certiorari which alleged different grounds for reversal. The grounds were similar to those set forth in Department of Health and Rehabilitative Services v. State, 599 So.2d 123 (Fla. 5th DCA 1992), and the writ in S.E.W.’s case was denied by unpublished order.