645 So.2d 1101 (1994)
T.L.W., A CHILD, PETITIONER,
v.
The Honorable A.C. SOUD, Jr., Circuit Court Judge, and James Woolsey, Superintendent of the Duval Regional Juvenile Center, Respondents.
L.W., A Child, Petitioner,
v.
The Honorable McCarthy CRENSHAW, Jr., Circuit Court Judge, and James Woolsey, Superintendent of the Duval Regional Juvenile Center, Respondents.
Nos. 94-3144, 94-3164.
District Court of Appeal of Florida, First District.
December 1, 1994.
*1102 Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Asst. Public Defender, Jacksonville, for petitioners.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondents.
PER CURIAM.
Petitioners, minors held in secure detention under authority of orders issued by the respondent judges, petitioned this court for writs of habeas corpus, contending that their detention was not authorized by statute as applied to the facts of their cases. The respondents were directed to show cause why the petitions should not be granted and responses were filed on their behalf by the Attorney General of Florida. Upon consideration of the responses, the petitions were denied by unpublished orders and we now issue this consolidated opinion to set forth our reasoning.

I.
T.L.W., petitioner in case number 94-3144, was arrested on September 7, 1994, on a *1103 charge of carrying a concealed firearm. The arresting officer's report indicated that he responded to a call regarding a fight in a park and observed T.L.W., who may have fit a preliminary description of one of the fight participants. The officer conducted a pat down and found a pistol in petitioner's right-front pocket. Further investigation, however, led the arresting officer to conclude that T.L.W. was not one of the fight participants. At a hearing the following day T.L.W. was released from secure detention on certain conditions, including his return to court on September 19. T.L.W. apparently had no criminal history and a Risk Assessment Instrument (RAI) prepared for him did not support secure detention. On September 15 a delinquency petition was filed by the State Attorney charging T.L.W. with carrying a concealed firearm, a third degree felony under section 790.01(2), and possession of a firearm by a minor, a first degree misdemeanor pursuant to section 790.22(3) and (5). The petitioner failed to appear in court as scheduled but did appear the following day, September 20. Petitioner's mother sought to explain this by advising the court that she had mixed up certain dates. T.L.W. then entered a plea of not guilty and Judge A.C. Soud, Jr., ordered petitioner to be detained in secure detention over defense objection. A hearing was held the next day and the secure detention was ordered to continue, the trial court reasoning that such detention was justified by "possession of firearm at a time of confrontation with a child at a park where other children were located."
In case number 94-3164 petitioner L.W. was arrested on September 22, 1994, when an officer responded to a call regarding two suspicious males standing on a street corner at 11:00 a.m. Upon questioning, L.W. advised the officer that he had missed his school bus and was waiting for a city bus to transport him to school. The officer offered to transport L.W. to school and that offer was accepted. During a pat down search for officer safety an unloaded handgun was discovered in L.W.'s pocket. He was arrested on a charge of carrying a concealed firearm and brought before respondent Circuit Judge McCarthy Crenshaw, Jr. The trial court was informed that L.W. did not score for any form of detention on the RAI. The court ordered petitioner to be held in secure detention, giving as his reason that "carrying a concealed firearm on your person coming from school or going to school is too dangerous for the people in our community and that's for the record and that's why I'm detaining you. Too many kids getting shot." The defense noted an objection.

II.
Petitioner T.L.W. first argues that his detention is not authorized by the provisions of section 39.044, Florida Statutes (1993). Petitioner contends that he does not meet the criteria of section 39.044(2), Florida Statutes. It is also argued that petitioner's detention is not authorized under the provisions of section 39.044(9):
If a child is on release status and not detained pursuant to this section, the child may be placed into secure, nonsecure, or home detention care only pursuant to a court hearing in which the original risk assessment instrument, rescored based on newly discovered evidence or changed circumstances with the results recommending detention, is introduced into evidence.
Petitioner further points out that section 39.042, Florida Statutes, requires the preparation and consideration of a RAI in determining whether a minor should be placed in secure detention. In the instant case, T.L.W.'s RAI did not establish a need for detention. Petitioner acknowledges possible reliance on section 790.22(8), Florida Statutes, enacted by the 1993 legislature in chapter 93-416, § 5, Laws of Florida, effective January 1, 1994:
Notwithstanding s. 39.042 or s. 39.044(1), if a minor under 18 years of age is charged with an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or is charged for any offense during the commission of which the minor possessed a firearm, the minor shall be detained in secure detention, unless the state attorney authorizes the release of the minor, and shall be given a hearing within 24 hours after being taken into custody. Effective April 15, 1994, at the hearing, the *1104 court may order that the minor continue to be held in secure detention in accordance with the applicable time periods specified in s. 39.044(5), if the court finds that the minor meets the criteria specified in s. 39.044(2), or if the court finds by clear and convincing evidence that the minor is a clear and present danger to himself or the community. The Department of Health and Rehabilitative Services shall prepare a form for all minors charged under this subsection that states the period of detention and the relevant demographic information, including, but not limited to, the sex, age, and race of the minor, whether or not the minor was represented by private counsel or a public defender, the current offense, and the minor's complete prior record, including any pending cases. The form shall be provided to the judge to be considered when determining whether the minor should be continued in secure detention under this subsection. An order placing a minor in secure detention because the minor is a clear and present danger to himself or the community must be in writing, must specify the need for detention and the benefits derived by the minor or the community by placing the minor in secure detention, and must include a copy of the form provided by the department... .
Petitioner argues, however, that the trial court did not follow the statutory procedures in that the HRS form required was not completed and provided to the court. Since petitioner did not meet the criteria for detention under section 39.044(2), the court must have found by clear and convincing evidence that the minor is a clear and present danger to himself or the community. Because the trial court relied on its mistaken impression that the petitioner was involved in a fight, any conclusion that he is a clear and present danger to himself or the community is unsupported by the record.
The arguments of petitioner L.W. in case number 94-3164 mirror those of T.L.W. in most respects. As he was not ordered detained after having initially been released, however, no section 30.044(9) issue is raised. Petitioner L.W. does not contend that the trial court made any mistake of fact regarding the facts of his case, but argues that any conclusion that he was a danger to the community was not established by any form of testimony or evidence. No one alleged that petitioner was seeking to injure anyone or that the possession of an unloaded firearm could result in someone being shot.
Respondents agree with petitioners that detention under chapter 39, Florida Statutes, is not warranted. Instead, they argue that secure detention is authorized by section 790.22(8), Florida Statutes. Standard detention criteria no longer apply to juveniles who carry firearms. At the hearings, the trial courts were provided with intake cover sheets on the two minors. These documents contain the information required by statute and provide an opportunity for the court to explain in writing any reasons for continued detention. The respondent judges utilized this opportunity and gave written reasons that mirrored those articulated at the detention hearings. As for the detention of T.L.W. after his initial release, the response points out that at the hearing of September 21 additional information was provided to the trial court as to the location where petitioner was arrested, in or near a park where children are usually found playing. Therefore the trial court acted within its discretion in revisiting the issue. Respondents contend that review of the adequacy of the reasons given for secure detention is beyond the proper scope of a petition for writ of habeas corpus. Nevertheless, respondents contend that the reasons given are adequate and supported by the record.

III.
It appears well-settled that habeas corpus is the proper remedy for a minor held in secure detention contrary to statute. A.A. v. Rolle, 604 So.2d 813 (Fla. 1992); Z.R. v. State, 596 So.2d 723 (Fla. 5th DCA 1992); A.O. v. Chinault, 571 So.2d 43 (Fla. 2d DCA 1990). Section 39.044(5)(a) purports to characterize an order of this nature as a final order reviewable by appeal. However, such an order is clearly not final as it does not signal an end of the judicial labor in the cause. Rather, an order of disposition is a final order in juvenile delinquency proceedings. *1105 C.L.S. v. State, 586 So.2d 1173 (Fla. 1st DCA 1991). The legislature is without constitutional authority to set this court's appellate jurisdiction over non-final orders, and instead such jurisdiction must be made by rule of court. See Article V, § 4(b)(1), Fla. Const.; State v. Smith, 260 So.2d 489 (Fla. 1972). We do not believe that the legislature can circumvent this constitutional limitation by denominating an order which is clearly not final as "final." Thus, we accept jurisdiction in this proceeding under our constitutional and rule authority to consider petitions for writ of habeas corpus.[1]
On our own motion, this court considered denial of these petitions because of the petitioners' failure to first present these arguments to the trial courts. While habeas corpus is a matter within the original jurisdiction of this court, appellate courts have consistently required petitioners to exhaust the available remedies in the legal and administrative forums prior to consideration of relief by habeas corpus. A claim which has been or could be raised on direct appeal may not be considered in a habeas corpus proceeding for that reason. Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990). A similar rule applies where the matter is one which could be raised by a motion for post-conviction relief, Breedlove v. Singletary, 595 So.2d 8 (Fla. 1992). Petitioners' failure to exhaust administrative remedies, where available, may also procedurally bar consideration of claims raised through a petition for writ of habeas corpus. Comer v. Florida Parole & Probation Commission, 388 So.2d 1341 (Fla. 1st DCA 1980). These requirements serve the dual purpose of permitting the trial court or administrative forum to first consider the claims for relief and providing the appellate court with a record of the parties' arguments and the trial court's disposition thereof. Cf., State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla. 1973) (party challenging trial court's order on pre-trial release must first move the trial court to reduce or set bail to create a record for the appellate court to review). For these reasons this court in the future will require presentation of arguments to the trial court in proceedings of this nature prior to their being raised in this forum through a petition for writ of habeas corpus.[2]

IV.
We find that the detention of the petitioners was authorized under both section 39.044(2) and section 790.22(8). Although not argued by the parties, the offense of carrying a concealed firearm constitutes "use of a firearm" for purposes of section 39.044(2)(d). Since petitioners were also clearly in possession of a firearm their continued detention was authorized by section 39.044(2)(d)5.[3] Although the RAIs did not score for secure detention, the trial judges satisfied the requirement of giving clear and convincing reasons for such detention, as will be discussed further below.
Because both petitioners were charged with the possession of a concealed firearm in addition to possession as prohibited by section 790.22(3), the continued detention of each was authorized by section 790.22(8) if the trial court found by clear and convincing evidence that the minor is a clear and present danger to himself or the community. Carrying concealed weapons in a park frequented by children and while in route to school are fact scenarios which support findings that these petitioners are dangerous to the community. Further, the proof relied upon by the trial court satisfied the dictates *1106 of Florida Rule of Juvenile Procedure 8.010(f). L.W.'s argument that the trial court's finding is unsupportable because his weapon was unloaded is not availing. See, e.g., Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987).[4]
We also agree with the respondents that the paperwork executed in the proceedings below, while perhaps not precisely on a form as contemplated by section 790.22(8), was sufficient to satisfy the requirements of law. As T.L.W. was properly detained under authority of section 790.22(8), any technical non-compliance with section 39.044(9) is irrelevant. Moreover, the response has adequately rebutted petitioner's argument with respect to this statute. As for the purported mistake of fact by the trial court in the case of T.L.W., this matter should have been brought to the attention of the trial court through a motion for rehearing. We therefore decline to speculate whether the trial court would have reached a different conclusion upon being informed of its mistaken assumption that petitioner was involved in the altercation.

V.
In summary, both petitioners qualify for secure detention under the terms of sections 39.044(2)(d)5 and 790.22(8), upon the finding by the trial court of clear and convincing reasons that such placement is necessary and/or that the minors are a clear and present danger to themselves or the community. In each case the able trial judge complied with the applicable statutes and rules in concluding that petitioners should be placed in secure detention prior to adjudication. For these reasons, the petitions for writs of habeas corpus were DENIED.
ZEHMER, C.J., and LAWRENCE, J., concur.
BENTON, J., concurs in result only.
NOTES
[1] In D.B. v. State, 544 So.2d 1108 (Fla. 1st DCA 1989) this court treated a petition for writ of habeas corpus as an appeal under the predecessor to section 39.044(5)(a). That decision, however, did not identify the constitutional problem described above and we therefore do not follow the same course here.
[2] We are cognizant that counsel may not be able to adequately articulate arguments of this nature in the rush of trial court proceedings. However, Florida Rule of Juvenile Procedure 8.130 authorizes further trial court consideration through a motion for rehearing and we expressly approve the use of such a motion to permit the trial court to first consider a claim that secure detention is contrary to law. See, e.g., Department of Health & Rehabilitative Services v. State, 606 So.2d 1245 (Fla. 5th DCA 1992).
[3] Section 39.044(2)(d), Florida Statutes (1993), was renumbered and amended by Chapter 94-209, § 31, Laws of Florida. As that law did not take effect until October 1, 1994, it was not applicable to the proceedings in the trial court.
[4] Petitioner could have obtained ammunition for the firearm before or after his arrival on school grounds or might have displayed the unloaded weapon in such a manner that a responding party or petitioner could have been seriously injured or killed.