PER CURIAM.
This case was filed as a petition by a juvenile for a writ of habeas corpus to review an order of secure detention. We denied the petition but indicated that we would explain our reasoning by an opinion later.
On the substantive issue, we conclude that the record supports the trial judge’s decision to order secure detention. The juvenile was positively identified as the burglar, with property of the victim in his possession. His mother testified that “he doesn’t respect authority, he doesn’t respect other people’s property, and he lies_ Every night, every day, he comes home with something stolen, and I refuse to let him in the house with it.” The record thus supports the detention.
As a procedural matter this case was filed as a petition for a writ of habeas corpus to review the detention order. Section 985.215(5)(a) states that an order of detention shall be deemed a final order reviewable by appeal under the rules of appellate procedure.[1] In T.L.W. v. Soud, 645 So.2d 1101 (Fla. 1st DCA 1994), the first district held that this statute is unconstitutional as a legislative attempt to provide for appeal of non-final orders. In its view an order providing for detention is non-final; the final order is the disposition in the juvenile case. We agree with this conclusion and hold that ha-beas corpus is the proper method for reviewing such orders.
GLICKSTEIN and KLEIN, JJ., concur.
FARMER, J., dissents with opinion.

. § 985.215(5)(a), Fla. Stat. (1997) (formerly § 39.044(5)(a), Fla. Stat. (Supp.1996)); see also ch. 97-238, § 23, at 4252, Laws of Fla.