PER CURIAM.
Appellant appeals from the trial court’s disposition order, adjudicating appellant delinquent and deviating from the placement recommended by the Department of Juvenile Justice. In deviating from the recommendation of probation and imposing moderate-risk residential placement with the Department, the trial court found that appellant was a member of a criminal street gang pursuant to chapter 874, Florida Statutes. In his appeal, appellant argues that chapter 874 was unconstitutionally applied to him, and in the alternative, that there was insufficient evidence that appellant is a criminal street gang member. Without reaching appellant’s constitutional argument,[1] we agree that there was no competent substantial evidence that appellant was a criminal street gang member pursuant to chapter 874, and that the trial court’s disposition order must be reversed.

BACKGROUND

Appellant was found guilty by the trial court after a hearing for aggravated assault on a law enforcement officer, resisting an officer with violence, and disruption of a school function. Before a disposition was entered by the trial court, a predisposition report was filed by the Department, recommending probation. A disposition hearing was held on May 18, 2006. Although not considered in the predisposition report, the State presented testimony that appellant was a member of a gang named the ‘Weedside Boys.” Deputy Ricky Ganious, the resource officer at appellant’s high school, testified that he had previously seen appellant wearing homemade sweatshirts, shirts, and carrying book bags on the high school campus identifying him as part of the Weedside Boys gang. The officer also testified that he had spoken with several people who identified appellant as a member of the gang, but who wished to remain anonymous.
The testimony of Deputy Janice McPhaul was also admitted at the hearing. *50 McPhaul testified that she worked for the Gadsden County Sheriffs Department as a certified gang investigator, and that several informants had identified appellant as a member of the Weedside Boys “as Deputy Ganious has stated.” She also provided testimony that she believed appellant’s grandmother identified appellant as a member of the Weedside Boys to Deputy Ganious. Appellant did not object to this testimony.
On May 18, 2006, the same date of the hearing, the trial court entered its order of juvenile disposition, adjudicating appellant delinquent and placing him in moderate-risk residential commitment with the Department. The trial court made the following written findings in its order:
Based on PDR and the testimony at the disposition, the court finds the moderate risk placement is necessary to address the needs of the child. The child is a confirmed gang member, drug user and likely dealer, with an anger management problem who fails to abide by a curfew and according to the PDR “doesn’t take anything seriously.” Two deputies testified to his gang involvement, that the PDR apparently did not consider as required pursuant to 985.215(3)(b), F.S. Additionally, his mother has serious doubts about his ability to complete probation. The additional structure of a moderate risk program is necessary to meet the needs of this child detailed above. Additionally, the added security of a mod[erate] risk program is necessary to protect the public from this child who told the victim in this case “things are different on the streets.” Needs of child will also be met by removing the child from his gang the “Weedside boys.”
Appellant filed a Florida Rule of Juvenile Procedure 8.135(b)(2) motion to correct disposition error in the trial court, arguing that the statute that allows the court to consider whether appellant is a gang member is unconstitutional as applied to appellant, and in the alternative, there is no proof that appellant was a gang member. The trial court denied this motion.

ANALYSIS

Section 985.23(2)(a), Florida Statutes (2005), provides that “[i]f the court determines that the child was a member of a criminal street gang at the time of the commission of the offense, which, determination shall be made pursuant to chapter 87k, the seriousness of the offense to the community shall be given great weight.” (Emphasis added). Pursuant to section 874.03(2), Florida Statutes (2005), a “criminal street gang member” is defined as:
[A] person who is a member of a criminal street gang as defined in subsection
(1) and who meets two or more of the following criteria:
(a) Admits to criminal street gang membership.
(b) Is identified as a criminal street gang member by a parent or guardian.
(c) Is identified as a criminal street gang member by a documented reliable informant.
(d) Resides in or frequents a particular criminal street gang’s area and adopts their style of dress, their use of hand signs, or their tattoos, and associates with known criminal street gang members.
(e) Is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information.
(f) Has been arrested more than once in the company of identified criminal street gang members for offenses *51 which are consistent with usual criminal street gang activity.
(g) Is identified as a criminal street gang member by physical evidence such as photographs or other documentation.
(h) Has been stopped in the company of known criminal street gang members four or more times.
As provided by the statute, at least two of the eight statutory criteria must be established to find appellant a criminal street gang member. Appellant argues that there was insufficient evidence to establish at least two of these eight criteria. We agree. Although there was testimony to establish criterion (b), identification of appellant as a gang member by a parent or guardian, there was insufficient evidence to establish any of the other statutory criteria. Deputy Ganious testified that appellant wore shirts and book bags with gang symbols. However, there was no testimony that appellant resides in or frequents a particular criminal street gang’s area and associates with known criminal street gang members, which is necessary to establish criterion (d).[2] Additionally, Deputy Ganious testified that anonymous informants identified appellant as a gang member. However, no testimony was admitted that these informants were documented and reliable pursuant to criterion (c), and there is insufficient independent information to corroborate the identification of appellant as a criminal street gang member pursuant to criterion (e). Accordingly, there is no competent substantial evidence below which establishes that appellant meets the statutory definition of “criminal street gang member.”[3] As such, the trial court erred in relying on appellant’s alleged gang membership to support its deviation from the Department’s recommendation.
In its written findings, the trial court also listed several other reasons for departing from the Department’s recommendation of probation, including appellant’s drug use and his failure to comply with curfew. However, section 985.23(3)(b) provides that “[i]f the court has determined that the child was a member of a criminal street gang, that determination shall be given great weight in identifying the most appropriate restrictiveness level for the child.” As such, “we are unable to determine whether the trial judge would have reached the same conclusion regarding the restrictiveness level in the absence of a finding that appellant was a gang member.” A.H. v. State, 724 So.2d 1268, 1269 (Fla. 1st DCA 1999). Therefore, we reverse the disposition order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WEBSTER, POLSTON, and HAWKES, JJ., concur.

. ''[C]ourts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds.” Singletary v. State, 322 So.2d 551, 552 (Fla.1975).

. The trial court states within its order denying the motion to correct disposition that appellant meets criterion (g), identification by physical evidence. The trial court made this finding based on evidence that appellant wore shirts and book bags with gang logos. However, a more specific statutory provision governs over a more general provision. T.S. v. Clemons, 770 So.2d 197, 200 (Fla. 2d DCA 2000). Therefore, criterion (d) is applicable, and not criterion (g).

. We also note that the State failed to introduce any evidence that the "Weedside Boys” is a “criminal street gang” pursuant to the definition provided by section 874.03(1), Florida Statutes (2005). See A.H. v. State, 724 So.2d 1268 (Fla. 1st DCA 1999). However, because appellant never made this argument below or on appeal, the issue does not control the outcome in this case.