PER CURIAM.
In this juvenile delinquency appeal, Appellant, L.B., challenges a disposition order in which the trial court deviated from the placement recommended by the Department of Juvenile Justice (Department) and committed L.B. to high-risk residential placement. The Department recommended probation, or low-risk residential placement, if the court determined that commitment to the. Department was appropriate. As the basis for rejecting the Department’s recommendation and committing L.B. to high-risk residential placement, the trial court found that L.B. was a member of a criminal street gang pursuant to chapter 874, Florida Statutes. L.B. argues that the trial court erred in deviating from the Department’s recommendation because there was insufficient evidence that he was a member of a criminal street gang. Because the reason given' by the trial court for disregarding the réstrictiveness level recommended by the Department is not supported by competent substantial evidence, we reverse and remand.
*1216 While L.B. was on post-commitment probation, a petition alleging violation of probation was filed. The petition alleged that L.B. had committed the new law violation of petit theft while on probation. Subsequently, an amended petition was filed alleging that L.B. had committed both offenses of dealing in stolen property and/or petit theft while he was on probation. L.B. admitted the violation. In a predisposition report, the Department recommended probation, or, if the court determined that commitment to the Department was appropriate, a low-risk residential program. At the disposition hearing, the State recommended that the court commit L.B. to moderate-risk placement, but changed its recommendation to high-risk placement after the trial court observed that L.B. had a new tattoo of a tear on his face. The trial judge agreed with the State that the tear tattoo signified gang membership. Although L.B. denied current gang membership, the trial judge found that L.B. was a gang member, relying on the new tattoo as the only evidence of gang membership. As a result, the trial court rejected the Department’s recommendation, adjudicated L.B. delinquent, and committed him to the custody of the Department in a high-risk residential placement. The only reason the trial judge gave for committing L.B. to a high risk residential placement rather than adhering to the Department’s recommendation, was her finding that L.B. was a gang member.
L.B. filed a Florida Rule of Juvenile Procedure 8.135(b)(2) Motion to Correct Disposition Error in the trial court, but the trial court did not act upon the motion within the jurisdictional period. This appeal followed.
A trial court may not deviate from the Department’s recommendation at a juvenile delinquency disposition hearing simply because the judge disagrees with the recommendation. K.M. v. State, 891 So.2d 619, 620 (Fla. 3d DCA 2005). To deviate, the trial court must identify adequate reasons, grounded in the evidence, for disregarding the recommendation. A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999). The trial court may reweigh the same factors the Department considered and come to a different conclusion, but when it does so, it must set forth its reasons in the context of the child’s needs. N.B. v. State, 911 So.2d 833, 835 (Fla. 1st DCA 2005). The trial court’s findings must refer to the characteristics of the restrictiveness level vis-a-vis the needs of the child. The trial court must also explain why it reached a different conclusion than the Department and explain the justification for the new restrictiveness level. Id. at 836.
Section 985.23(2)(a), Florida Statutes (2005), provides, “If the court determines that the child was a member of a criminal street gang at the time of the commission of the offense, which determination shall be made pursuant to chapter 874, the seriousness of the offense to the community shall be given great weight.” Section 985.23(3)(b) provides, “If the court has determined that the child was a member of a criminal street gang, that determination shall be given great weight in identifying the most appropriate restrictiveness level for the child.” Pursuant to section 874.03(2), Florida Statutes (2005), a “criminal street gang member” is defined as follows:
[A] person who is a member of a criminal street gang as defined in subsection (1) and who meets two or more of the following criteria:
(a) Admits to criminal street gang membership.
(b) Is identified as a criminal street gang member by a parent or guardian.
*1217 (c) Is identified as a criminal street gang member by a documented reliable informant.
(d) Resides in or frequents a particular criminal street gang’s area and adopts their style of dress, their use of hand signs, or their tattoos, and associates with known criminal street gang members.
(e) Is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information.
(f) Has been arrested more than once in the company of identified criminal street gang members for offenses which are consistent with usual criminal street gang activity.
(g) Is identified as a criminal street gang member by physical evidence such as photographs or other documentation.
(h) Has been stopped in the company of known criminal street gang members four or more times.
Thus, a finding that a person is a criminal street gang member must be supported by at least two of the eight statutory criteria.
Here, the trial court based its finding that L.B. was a member of a criminal street gang solely on its observation that L.B. had a tattoo of a tear on his face, despite the fact that L.B. denied current involvement with a street gang. The court’s observation, standing alone, is insufficient to establish criterion (d), which requires the additional findings that the alleged gang member resides in or frequents a particular criminal street gang’s area and associates with known criminal street gang members. There is no record evidence that L.B. met these two components of criterion (d). Although the trial court did not rely on the State’s observation that L.B.’s pants were eight inches below his “drawers,” we note that this observation, standing alone, would be insufficient to establish that L.B. had adopted a criminal street gang’s style of dress. Accordingly, there is not competent substantial evidence to support the trial court’s finding that L.B. met the statutory definition of a “criminal street gang member.” Because the trial court did not list any other reasons for departing from the ■ Department’s recommendation, it erred in relying on L.B.’s alleged gang membership as the sole basis to support its deviation. See R.C. v. State, 948 So.2d 48, 51 (Fla. 1st DCA 2007) (reversing a trial court’s finding that the appellant met criterion (d) where there was evidence that he adopted a gang’s style of dress but not that he frequented the gang’s area or associated with its known members). The trial court also erred by failing to reference the restrictiveness level vis-a-vis the needs of L.B. See A.C.N., 727 So.2d at 370.
Therefore, we REVERSE the disposition order and REMAND for further proceedings consistent with this opinion.
WEBSTER, LEWIS, and THOMAS, JJ., concur.